# Exhibit C

# (State Court – Answer to Complaint – BMICO)

ELECTRONICALLY FILED - 2025 Sep 17 3:24 PM - JASPER - COMMON PLEAS - CASE#2025CP2700479

STATE OF SOUTH CAROLINA                    IN THE COURT OF COMMON PLEAS

COUNTY OF JASPER

| | | |
|---|---|---|
| D.R. Horton, Inc. | ) | |
| | ) | |
| | ) | C/A No.: 2025-CP-27-00479 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Builders Mutual Insurance Company | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Builders Mutual Insurance Company's Answer to Plaintiff's Complaint**
**(Jury Trial Demanded)**

Builders Mutual Insurance Company ("Builders Mutual"), by and through the undersigned counsel, answers D.R. Horton, Inc.'s ("D.R. Horton") Complaint as follows.

**FOR A FIRST DEFENSE**

1.      Builders Mutual denies each allegation of D.R. Horton's Complaint, not hereinafter expressly admitted, modified or explained.

2.      The allegations of Paragraphs 1, 2 and 3 require a legal conclusion and therefore no response is required by Builders Mutual. To the extent a response is required, Builders Mutual denies the same and demands strict proof thereof. Builders Mutual otherwise reserves the right to remove the civil action to the United States District Court which has jurisdiction over the parties and the subject matter.

1

ELECTRONICALLY FILED - 2025 Sep 17 3:24 PM - JASPER - COMMON PLEAS - CASE#2025CP2700479

3.     Builders Mutual admits the allegations of Paragraph 4 on information and belief.

4.     Builders Mutual admits so much of Paragraph 5 that it is an insurance company organized under the laws of the State of North Carolina and is authorized by the South Carolina Department of Insurance to issue policies to people and companies who have a residence in South Carolina.

5.     The allegations of Paragraph 6 require a legal conclusion and therefore no response is required by Builders Mutual. To the extent a response is required, Builders Mutual denies the same and demands strict proof thereof. Builders Mutual is otherwise removing the Civil Action to the United States District Court for the District of South Carolina.

6.     Builders Mutual reiterates and re-alleges the foregoing responses as to Paragraph 7.

7.     As to the allegations of Paragraph 8, 9, 10, Builders Mutual craves references to the specific written contract between D.R. Horton and Kenneth Scott Builders, Inc. ("KSB") for its terms and conditions and denies any allegations herein to the extent inconsistent thereto.

8.     Builders Mutual admits the allegations of Paragraph 11 to the extent Builders Mutual issued Commercial Package Policy (CPP 0067743 06 (05/13/2017 to 05/13/2017) to the named insured Kenneth Scott Builders, Inc. (the "Policy").  Builders Mutual craves reference to the terms and conditions of the Policy and denies any allegations herein to the extent inconsistent thereto.

9.     As to the allegations of Paragraph 12, Builders Mutual craves reference to the Policy and denies any allegations herein to the extent inconsistent thereto.

10.     As to the allegations of Paragraph 13, Builders Mutual craves reference to the record filings, in the public index, for Jasper County, SC, for the noted civil action, including, but not limited to, pleadings, motions and orders, and denies any allegations herein to the extent inconsistent thereto.

11.     Builders Mutual denies the allegations of Paragraph 14 as alleged.

ELECTRONICALLY FILED - 2025 Sep 17 3:24 PM - JASPER - COMMON PLEAS - CASE#2025CP2700479

12.     As to the allegations of Paragraph 15, Builders Mutual craves reference to the record filings, in the public index, for Jasper County, SC, for the noted civil action, including, but not limited to, pleadings, motions and orders, and denies any allegations herein to the extent inconsistent thereto.

13.     The allegations of Paragraph 16 require a legal conclusion and therefore no response is required by Builders Mutual. To the extent a response is required in that regard, Builders Mutual denies the same.

14.     As to the allegations of Paragraph 17, Builders Mutual craves reference to the record filings, in the public index, for Jasper County, SC, for the noted civil action, including, but not limited to, pleadings, motions and orders, and denies any allegations herein to the extent inconsistent thereto.

15.     As to the allegations of Paragraphs 18, Builders Mutual craves reference to the filed or recorded affidavit of service and denies any allegations to the extent inconsistent thereto.

16.     Builders Mutual admits so much of Paragraph 19 that Builders Mutual provided a defense for KSB in C/A 2018-CP-07-00607 and in the Underlying Action until settlement and exhaustion of the limits of the Policy. Further, D.R. Horton was notified of the settlement and consequences and did not raise an objection.

17.     As to the allegations of Paragraphs 20, Builders Mutual reiterates and re-alleges the foregoing responses.

18.     As to the allegations of Paragraph 21, Builders Mutual is without sufficient information to form an opinion or belief as to what D.R. Horton believes, or as to D.R. Horton's doubts, and therefore denies the same and demands strict proof thereof. The allegations of Paragraph 21 also require a legal conclusion and therefore no response is required by Builders Mutual. To the extent

3

ELECTRONICALLY FILED - 2025 Sep 17 3:24 PM - JASPER - COMMON PLEAS - CASE#2025CP2700479

a response is required in that regard, Builders Mutual denies the same. Builders Mutual otherwise denies that D.R. Horton is entitled to the requested relief.

19.     The allegations of Paragraph 22 require a legal conclusion and therefore no response is required by Builders Mutual. To the extent a response is required in that regard, Builders Mutual denies the same. Builders Mutual otherwise denies that D.R. Horton is entitled to the requested relief.

20.     Builders Mutual denies the allegations of Paragraphs 23, as to D.R. Horton and demands strict proof thereof.  The allegations of Paragraph 23 also require a legal conclusion and therefore no response is required by Builders Mutual. To the extent a response is required in that regard, Builders Mutual denies the same. Builders Mutual otherwise denies that D.R. Horton is entitled to the requested relief.

21.     Builders Mutual denies the allegations of Paragraph 24 and 25 and demands strict proof thereof.

22.     The allegations of Paragraph 26 require a legal conclusion and therefore no response is required by Builders Mutual. To the extent a response is required in that regard, Builders Mutual denies the same. Builders Mutual otherwise denies that D.R. Horton is entitled to the relief requested in the WHEREFORE paragraph that follows Paragraph 26.

23.     As to Paragraph 27, Builders Mutual reiterates and re-alleges the foregoing responses.

24.     As to the allegations of Paragraph 28 and 29, Builders Mutual craves reference to the terms of Exhibit, and other correspondence, and denies any allegations to the extent inconsistent thereto.

25.     Builders Mutual denies the allegations of Paragraph 30, 31, 32 and 33, as alleged, and demands strict proof thereof. Builders Mutual otherwise denies that D.R. Horton is entitled to the relief requested in its WHEREFORE paragraph that follows Paragraph 33.

ELECTRONICALLY FILED - 2025 Sep 17 3:24 PM - JASPER - COMMON PLEAS - CASE#2025CP2700479

26.    As to Paragraph 34, Builders Mutual reiterates and re-alleges the foregoing responses.

27.    The allegations of Paragraphs 35 and 36 require a legal conclusion and therefore no response is required by Builders Mutual. To the extent a response is required in that regard, Builders Mutual denies the same. Builders Mutual otherwise denies that D.R. Horton is entitled to the requested relief.

28.    Builders Mutual denies the allegations of Paragraphs 37 and 38 and demands strict proof thereof. Builders Mutual otherwise denies that D.R. Horton is entitled to the relief requested in its WHEREFORE paragraph that follows Paragraph 38.

## FOR A SECOND DEFENSE

29.    Builders Mutual reiterates and re-alleges the foregoing responses.

30.    D.R. Horton fails to state a claim upon which relief against Builders Mutual can be based and therefore Builders Mutual is entitled to judgment as a matter of law pursuant to the applicable Rule 12(b)(6) of Civil Procedure.

## FOR A THIRD DEFENSE

31.    Builders Mutual reiterates and re-alleges the foregoing responses.

32.    Builders Mutual asserts that Builders Mutual notified D.R. Horton of the time demand for the applicable limit of insurance for the Policy, demanded by Plaintiff, in the Underlying Action, and paid the applicable limit of insurance and negotiated a set-off in favor of D.R. Horton in the amount of said limit of the Policy. Having exhausted the applicable limit of insurance, Builders Mutual no longer had a duty to defend an insured.

**SECTION I – COVERAGES COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

   **1. Insuring Agreement**

5

ELECTRONICALLY FILED - 2025 Sep 17 3:24 PM - JASPER - COMMON PLEAS - CASE#2025CP2700479

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

## FOR A FOURTH DEFENSE

33.    Builders Mutual reiterates and re-alleges the foregoing responses.

34.    Builders Mutual asserts that the principles in *Sloan Construction Co. v. Central National Insurance Co. of Omaha*, 269 S.C. 183, 236 S.E.2d 818 (1977) bar relief for D.R. Horton. To the extent D.R. Horton can receive or is receiving a defense from an insurer, D.R. Horton has no standing to claim that Builders Mutual must defend or can claim that D.R. Horton has been damaged.

## FOR A FIFTH DEFENSE

35.    Builders Mutual reiterates and re-alleges the foregoing responses.

36.    Builders Mutual asserts that to the extent there is no duty to indemnify, under South Carolina law, there is no duty to defend an insured.

## FOR A SIXTH DEFENSE

37.    Builders Mutual reiterates and re-alleges the foregoing responses.

ELECTRONICALLY FILED - 2025 Sep 17 3:24 PM - JASPER - COMMON PLEAS - CASE#2025CP2700479

38.    Builders Mutual asserts that D.R. Horton is barred from relief under the terms and conditions of the Policy, including, but not limited to, those stated **in SECTION III – LIMITS OF INSURANCE –** CG 00 01 04 13, pg. 10, 11 of 16 and **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITION –** CG 00 01 04 13, pg. 11 of 16.

## FOR A SEVENTH DEFENSE

39.    Builders Mutual reiterates and re-alleges the foregoing responses.

40.    Builders Mutual asserts the lack of proper notice has substantially prejudiced Builders Mutual.

## FOR AN EIGHTH DEFENSE

41.    Builders Mutual reiterates and re-alleges the foregoing responses.

42.    Builders Mutual asserts the applicable Statute of Limitations as a bar to relief for D.R. Horton.

## FOR A NINTH DEFENSE

43.    Builders Mutual reiterates and re-alleges the foregoing responses.

44.    Builders Mutual asserts that D.R. Horton's claims are barred by the doctrine of laches.

## FOR A TENTH DEFENSE

45.    Builders Mutual reiterates and re-alleges the foregoing responses.

46.    Builders Mutual asserts that D.R. Horton's claims are barred by the doctrine of waiver.

## FOR AN ELEVENTH DEFENSE

47.    Builders Mutual reiterates and re-alleges the foregoing responses.

48.    Builders Mutual asserts that D.R. Horton's claims ae barred by the doctrine of estoppel.

7

ELECTRONICALLY FILED - 2025 Sep 17 3:24 PM - JASPER - COMMON PLEAS - CASE#2025CP2700479

**FOR A TWELFTH DEFENSE**

49.     Builders Mutual reiterates and re-alleges the foregoing responses.

50.     Builders Mutual asserts that Builders Mutual performed in accordance with the terms and conditions of the Policy and applicable South Carolina insurance law.

**FOR A THIRTEENTH DEFENSE**

51.     Builders Mutual reiterates and re-alleges the foregoing responses.

52.     To the extent punitive damages are claimed, Builders Mutual would show, upon information and belief, that a claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Builders Mutual could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Builders Mutual can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is in violation of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; D.R. Horton 's claim for punitive damages violates Builders Mutual's right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills Builders Mutual's exercise of that right; the D.R. Horton 's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed, the D.R. Horton 's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the D.R. Horton 's claim for punitive damages should be dismissed.

ELECTRONICALLY FILED - 2025 Sep 17 3:24 PM - JASPER - COMMON PLEAS - CASE#2025CP2700479

**FOR A FOURTENTH DEFENSE**

53.     Builders Mutual reiterates and re-alleges the foregoing responses.

54.     The action is barred by insufficient process or insufficient service of process.

**FOR A FIFTEENTH DEFENSE**

55.     Builders Mutual reiterates and re-alleges the foregoing responses.

56.     Builders Mutual reserves the right to rely on and assert all other applicable defenses either in contract or under the law as may be asserted by any other in this civil action or that may become known through discovery. Builders Mutual reserves the right to remove the civil action, to the United States District Court, South Carolina.

WHEREFORE, having fully answered the Complaint, Builders Mutual prays that this Court awards Builders Mutual the following relief:

1. Dismiss the Complaint with prejudice;

2. Declare that D.R. Horton is entitled to no recovery from Builders Mutual;

3. Tax the costs of this action against D.R. Horton;

4. Award Builders Mutual its attorneys' fees to the extent recoverable by law.

5. Grant Builders Mutual a trial by jury; and

6. Grant such other relief in favor of Builders Mutual as the Court may deem just and appropriate.

ELECTRONICALLY FILED - 2025 Sep 17 3:24 PM - JASPER - COMMON PLEAS - CASE#2025CP2700479

Respectfully submitted,

s/John L. McCants

_____
John L. McCants, SC Bar No. 10423
Fed. I.D. # 4870
**BAKER, RAVENEL & BENDER, LLP**
3710 Landmark Drive, Suite 400
Post Office Box 8057
Columbia, South Carolina 29202
(803) 343-3866
jmccants@brblegal.com
*Attorneys for the Defendant*
*Builders Mutual Insurance Co.*

September 17, 2025